[No. B105297. Second Dist., Div. Three. Feb. 21, 1997.]

THE PEOPLE, Plaintiff and Appellant, v.
JEFFREY ALAN FINE et al., Defendants and Respondents.

[No. B105344. Second Dist., Div. Three. Feb. 21, 1997.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JEFFREY ALAN FINE et al., Real Parties in Interest.

COUNSEL

Gil Garcetti, District Attorney, Diana L. Summerhayes and Brent Riggs, Deputy District Attorneys, for Petitioner and for Plaintiff and Appellant.

No appearance for Respondent.

Gerald L. Chaleff, Gigi Gordon and Michael White for Defendants and Respondents and for Real Parties in Interest.

OPINION

CROSKEY, J.—Penal Code section 803, subdivision (c), provides for a "discovery" rule which tolls the otherwise applicable statute of limitations with respect to those offenses, "a material element of which is fraud or breach of a fiduciary obligation . . . ," and which specifically includes a "violation of section 25540, *of any type*, or section 25541 of the Corporations Code." (Italics added.) Because the trial court refused to apply this statutory

tolling rule to 17 counts of a criminal information charging violations of Corporations Code section 25110 (proscribing the offer or sale of unqualified securities), the People have sought relief in this court.

The People seek a writ of mandate directing the trial court to set aside its order dismissing certain counts of an information filed against defendants Jeffrey Alan Fine, Steven Bradley Fine and Stanley Isaac Glickman. On October 7, 1996, we issued an order to show cause as to why the relief requested by the People should not be granted, and we stayed all proceedings in the trial court pending our further order. On October 16, 1996, we granted the People's motion to consolidate the writ proceeding with a related appeal. The issue is one of first impression: whether offenses charged under sections 25110 and 25540 of the Corporations Code come within the statute of limitations tolling provision set forth in Penal Code section 803, subdivision (c).[1]

For the reasons stated below, we conclude that they do. We therefore reverse the trial court's order and issue a writ of mandamus directing reinstatement of the dismissed charges.

### PROCEDURAL AND FACTUAL BACKGROUND

A 69-count information was filed on March 13, 1995, charging defendants with multiple felony offenses arising out of certain business activities generally involving the brokering of loans to lenders where lenders received interests in promissory notes secured by deeds of trust on California real property. The information was based on a preliminary hearing which was held on November 7, 1994, and January 4, 1995. A felony complaint had been filed on February 2, 1994.[2]

The alleged offenses include: offering to sell and issue, and selling and issuing, unqualified securities (Corp. Code, § 25110);[3] offering to sell and selling securities by means of communications containing false material statements or omissions (Corp. Code, § 25401); grand theft (Pen. Code, § 487); and money laundering (Pen. Code, § 186.10). Each count of the information contained the following allegation: "It is further alleged that this offense was not discovered, nor was it reasonably discoverable within the meaning of Penal Code Section 803(c) until on or about March 1, 1991. On February 14, 1991, the defendants' companies were put into bankruptcy. An

---

[1]See footnote 6, *post.*

[2]A fourth defendant, Elliot Ralph Fine, had been named in the complaint, but the preliminary examination did not proceed as to him.

[3]See footnote 7, *post.*

examiner was appointed and subsequently obtained the books and records of defendants' companies. The examination began on or about March 1, 1991. It was on this date (March 1, 1991) or after, that the victims first became aware that their investments were lost due to defendants' misrepresentations, omissions and theft."

On February 27, 1995, the municipal court entertained defendants' motions to dismiss the charges on various grounds, including a claim that the tolling provision of Penal Code section 803, subdivision (c), was inapplicable because the California Department of Real Estate "was auditing this company from 1983 on and was well aware of the financial condition of the company and most of the activities of this company and didn't allow them to have a permit that they requested." The court rejected this argument, holding sufficient evidence had been presented at the preliminary hearing to defeat a statute of limitations claim.[4]

On April 11, 1996, a motion was filed in superior court under Penal Code section 995 to set aside the information on statute of limitations grounds, among others. The trial court granted this motion on July 18, 1996, as to the 17 counts in the information based on violations of Corporations Code section 25110. It concluded that the tolling provisions of Penal Code section 803, subdivision (c), do not apply to section 25110 violations because that offense (the offer or sale of unqualified securities) does not have as a "material element" either fraud or breach of a fiduciary duty.[5] The trial court denied the section 995 motion as to the other 52 counts.

By their appeal and the instant petition, the People seek to reverse and vacate the superior court's dismissal of the 17 information counts.

## DISCUSSION

 "[A]n information will not be set aside if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it. (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].) . . . Neither the trial court in a Penal Code section 995 proceeding [citations] nor a reviewing court on appeal therefrom may substitute its judgment as to the weight of evidence for that of the committing magistrate [citations]. . . . Every legitimate inference that may be drawn from the evidence must be drawn in favor of the

---

[4]The municipal court dismissed the money laundering counts on substantive grounds. The People subsequently refiled those charges.

[5]The 17 dismissed counts are Nos. 4, 8, 11, 15, 19, 23, 27, 31, 35, 39, 43, 47, 51, 55, 59, 63 and 67. The offenses were alleged to have occurred between May 1990 and January 1991.

information [citations]." (*People* v. *Park* (1978) 87 Cal.App.3d 550, 560-561 [151 Cal.Rptr. 146].) "[I]n order to hold a defendant over for trial the People bear the burden of producing evidence (either before the grand jury or at the preliminary hearing) which demonstrates that there is probable cause to believe that the prosecution is not barred by the statute of limitations. [Citation.]" (*People* v. *Zamora* (1976) 18 Cal.3d 538, 565, fn. 26 [134 Cal.Rptr. 784, 557 P.2d 75].) "Because the bar of limitations upon a criminal prosecution is a jurisdictional defect, the evidentiary foundation for the indictment or information must include some evidence that the prosecution is not barred by limitations. [Citations] Lack of that evidence may be asserted, as here, by a motion to set aside the indictment or information; at that point, the court confronts the general rule permitting it to quash only if there is no evidence from which the essential elements of proof can be inferred. [Citations.]" (*People* v. *Swinney* (1975) 46 Cal.App.3d 332, 336 [120 Cal.Rptr. 148], disapproved on other grounds in *People* v. *Zamora*, *supra*, 18 Cal.3d 538, 564-565, fn. 26.)

Penal Code section 801 requires that prosecution of a violation of Corporations Code section 25110 must be commenced within three years after commission of the offense. There is no tolling or extension of the time limitation except as provided in Penal Code section 803. Subdivision (c) of that section provides that the limitation period does not commence to run until *discovery* of an offense "*a material element of which is fraud or breach of a fiduciary obligation.*" The question here is whether that tolling provision contained in Penal Code section 803,[6] is applicable to a violation of Corporations Code section 25110.[7]

At the hearing on defendants' motion to dismiss, the trial court noted the recent decision in *People* v. *Corey* (1995) 35 Cal.App.4th 717, 729 [41

---

[6]Penal Code section 803, subdivision (c), provides, in pertinent part (italics added):

"A limitation of time prescribed in this chapter does not commence to run until discovery of an offense described in this subdivision. This subdivision applies to an offense punishable by imprisonment in the state prison, a material element of which is fraud or breach of a fiduciary obligation or the basis of which is misconduct in office by a public officer, employee, or appointee, including, but not limited to, the following offenses:

"(1) Grand theft *of any type*, forgery, falsification of public records, or acceptance of a bribe by a public official or a public employee.

". . . . . . . . . . . . . . . . .

"(3) *A violation of Section 25540, of any type, or Section 25541 of the Corporations Code.*"

[7]Corporations Code section 25110 now provides: "It is unlawful for any person to offer or sell in this state any security in an issuer transaction (other than in a transaction subject to Section 25120), whether or not by or through underwriters, unless such sale has been qualified under Section 25111, 25112 or 25113 (and no order under Section 25140 or subdivision (a) of Section 25143 is in effect with respect to such qualification) or unless such security or transaction is exempted under Chapter 1 (commencing with Section 25100) of this part. The offer or sale of such a security in a manner that varies or differs from, exceeds the scope of, or fails to conform with either a material term or material condition of qualification

Cal.Rptr.2d 540], holding that Corporations Code section 25110 does not include a scienter element and is, therefore, a strict liability offense. Starting from that premise, the trial court pointed out an inherent tension between two parts of the tolling statute: although subdivision (c) of Penal Code section 803 initially states "[t]his subdivision applies to" felony offenses "a material element of which is fraud or breach of a fiduciary obligation," it goes on to add the following language: "*including, but not limited to*, the following offenses: [¶] . . . [¶] (3) A violation of Section 25540, *of any type*, or Section 25541 of the Corporations Code." (Italics added.) Corporations Code section 25540 sets forth the punishment for violating provisions of the Corporate Securities Law of 1968. (Corp. Code, § 25000, et seq.)[8] While acknowledging that the offenses charged here were grounded in allegations of fraud,[9] the trial court believed that—while subdivision (c) "in terms of its statement of intent specifically includes [section] 25110"—in terms of "the provisions of its language," subdivision (c) excluded section 25110. As the trial court stated, "And the problem that I have, is that if I were to say . . . the legislative intent is to protect the public against fraud, well that's [section] 25110, certainly. [Section] 803(c) is intended to delay or toll the statute of limitations until such time as the defrauded victim actually has an opportunity to find out that there is something wrong. On the other hand, the

of the offering as set forth in the permit or qualification order, or a material representation as to the manner of offering which is set forth in the application for qualification, shall be an unqualified offer or sale."

[8]Corporations Code section 25540 now provides: "(a) Except as provided for in subdivision (b), any person who willfully violates any provision of this division, or who willfully violates any rule or order under this division, shall upon conviction be fined not more than one million dollars ($1,000,000), or imprisoned in the state prison, or in a county jail for not more than one year, or be punished by both such fine and imprisonment; but no person may be imprisoned for the violation of any rule or order if he or she proves that he or she had no knowledge of the rule or order. [¶] (b) Any person who willfully violates Section 25400, 25401, or 25402, or who willfully violates any rule or order under this division adopted pursuant to those provisions, shall upon conviction be fined not more than ten million dollars ($10,000,000), or imprisoned in the state prison for two, three, or five years, or be punished by both such fine and imprisonment." (*Section 25540 is part of title 4, division 1 of the Corporations Code, as is section 25110.*)

Corporations Code section 25540, at the time of the alleged crimes, read as follows:

"(a) Except as provided in subdivision (b), any person who willfully violates any provision of this law or who willfully violates any rule or order under this law, shall upon conviction be fined not more than two hundred fifty thousand dollars ($250,000) or imprisoned in the state prison, or in a county jail for not more than one year, or be punished by both such fine and imprisonment; but no person may be imprisoned for the violation of any rule or order.

"(b) Any person who willfully violates Section 25400, 25401, or 25402 shall upon conviction be fined not more than two hundred fifty thousand dollars ($250,000), or imprisoned in the state prison for two, three, or five years, or be punished by both such fine and imprisonment." (Stats. 1988, ch. 1339, § 5, p. 4431.)

[9]The trial court remarked: "[T]he circumstances of this case would clearly establish that what the People are alleging involves fraud. Let's make that clear. I'm not in any way trying to suggest that there was no fraud involved in the activity that went on in this case."

statute in its language, not its stated purpose, but in its language clearly applies to elements—only to those offenses where fraud or breach . . . of a fiduciary obligation is a material element of the crime." Thus, "there is a clear conflict in the statute. . . . And is not the court required in construing a conflicting statute to extend the benefit to the defendant?"[10]

██ After hearing further argument, the trial court ruled: "[Section] 803(c) does not apply to violations of section 25110. I would hope that you would seek a writ on that. [¶] But the basic problem that I have is that there is ultimately a [*sic*] irreconcilable conflict in the language of the statute." We disagree.

We do not find an irreconcilable conflict in the statutory language. What the tolling statute provides for most clearly in this case is that the sale or offer for sale of unqualified securities in violation of Corporations Code section 25110 is, by virtue of its coming within the ambit of section 25540, one of the criminal offenses to which Penal Code section 803, subdivision (c) is applicable. This undoubtedly is the effect of the phrase "including, but not limited to, the following offenses" in subdivision (c). Although in the case of a strict liability offense such as section 25110, there may be a latent conflict between this clear directive and the phrase "[t]his subdivision applies to an offense . . . a material element of which is fraud," the statute cannot reasonably be read to exclude section 25110 offenses from its coverage.

While a violation of that section can be proven without evidence of a specific intent or motive to defraud, it nonetheless involves a deception upon the buyer by the unqualified securities seller. Such a seller is unlawfully obtaining funds from an investor who is entitled to assume that the sale of the securities is legally sanctioned. Moreover, the fundamental purpose of Corporations Code section 25110's qualification requirement is to ensure that a securities seller has made a full, complete and accurate disclosure of all information relevant and material to the buyer's decision to purchase. The unqualified seller's avoidance of that disclosure process necessarily makes fraud possible. In this case, the evidence presented to the magistrate established that the victims were innocent purchasers who would not have purchased had they known the truth.

In any event, once we look to the statute's legislative history it becomes clear that the tolling provision applies to Corporations Code section 25110

---

[10] " ' "[W]hen language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted. [¶] The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute. [Citation.]" ' " (*People* v. *Garfield* (1985) 40 Cal.3d 192, 200 [219 Cal.Rptr. 196, 707 P.2d 258].)

offenses.[11] When the criminal statute of limitations scheme was recodified in 1984, the new legislation included language in subdivision (c)(1) extending the tolling provision to: "Grand theft *of any type*, forgery, falsification of public records, or acceptance of a bribe by a public official or a public employee." (Italics added.) The Law Revision Commission Comment to the 1984 amendment stated: "Although subdivision (c) generally governs crimes involving fraud or breach of fiduciary duty, all types of grand theft are included within subdivision (c) in order to avoid the need to characterize the material elements of the particular crime in every case." (Cal. Law Revision Com. com., 50 West's Ann. Pen. Code, § 803 (1997 pocket supp.) p. 24.)

The following year, amending language was adopted that, in part, was meant to clarify precisely the particular aspect of the tolling provision being contested in this case. A report on this bill by the Senate Committee on Judiciary stated: "Section 803(c) provides that violations of Sections 25540 and 25541 of the Corporations Code run from the date of discovery. However, the introductory language of subdivision (c) relating to crimes which contain fraud as a material element could be read to limit the date of discovery to only those security violations which necessarily involve fraud. [¶] The drafters of the revised statute agree that no such limitation was ever contemplated or intended. [¶] This bill would provide that a violation of Corporations Code Section 25540 '*of any type*' would run from the date of discovery. Similar language is presently used to make clear that all grand thefts run from the date of discovery whether or not fraud is involved." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 804 (1985-1986 Reg. Sess.) as amended May 22, 1985, p. 7, italics added.)[12]

Given this clear manifestation of legislative intent, we have no trouble concluding that subdivision (c) of Penal Code section 803 extends the statute of limitations tolling provision to "any type" of violation of the Corporate Securities Law made punishable under Corporations Code section 25540. That expressly includes section 25110.

Defendants also appear to be arguing that, even if subdivision (c) tolling does apply, there was insufficient evidence presented at the preliminary

[11] " '[I]t is well established that reports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain. [Citations.]' " (*People* v. *Cruz* (1996) 13 Cal.4th 764, 773, fn. 5 [55 Cal.Rptr.2d 117, 919 P.2d 731].)

[12] Perhaps indicative of the sort of confusion the Legislature was trying to avoid is the following footnote from *People* v. *Simon* (1995) 9 Cal.4th 493, 510, footnote 13 [37 Cal.Rptr.2d 278, 886 P.2d 1271]: "We encourage the Legislature to clarify which of the criminal violations of the Corporate Securities Law of 1968 that are punishable under either subdivision (a) or (b) of section 25540 are strict liability offenses and what mental states are elements of those which require scienter."

hearing to sustain the Corporations Code section 25110 counts on a tolling theory. We note the municipal court has already rejected defendants' claim that the statute of limitations began to run sometime in the mid-1980's because the Department of Real Estate became aware of their illegal conduct at that time. Substantial evidence in the record supports that finding.[13] "Once the court determines that the facts stated in the pleadings are sufficient and do not show, as a matter of law, that in the exercise of reasonable diligence the plaintiff could have discovered the fraud at an earlier time then the reasonable diligence question becomes an issue for the trier of fact. [Citations]." (*People* v. *Zamora, supra,* 18 Cal.3d at p. 562.)[14]

### DISPOSITION

The trial court's order dismissing 17 counts of the information alleging violations of Corporations Code section 25110 is reversed. The order to show cause is discharged. A writ of mandamus shall issue directing the trial court to issue a new and different order denying the defendants' motion to set aside the information pursuant to Penal Code section 995. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Klein, P. J., and Kitching, J., concurred.

A petition for a rehearing was denied March 20, 1997, and the opinion was modified to read as printed above. The petition of defendants and respondents for review by the Supreme Court was denied May 14, 1997. George J., did not participate therein.

---

[13]The evidence presented to the magistrate supports the conclusion that the Department of Real Estate was never aware prior to February of 1991 that unqualified securities had been sold by the defendants to the victims listed in the information. While the department clearly was aware prior to that date that defendants did not have a permit to sell securities and the victims were aware of the fact of their purchase of the securities at the time that they were made, there was no conjunction of the victims' knowledge with that of the department until the February 1991 bankruptcy proceedings involving the defendants' companies.

[14]At the hearing on defendants' Penal Code section 995 motion, the People agreed that knowledge by the Department of Real Estate would start the statute of limitations running, but refused to concede the department was aware of the offenses charged here.