[No. B192975. Second Dist., Div. Three. Sept. 27, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
MARIE ELAINE PRICE, Defendant and Appellant.

**COUNSEL**

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and Stephanie C. Brenan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ALDRICH, J.—

## INTRODUCTION

What limitations period applies to the crimes of grand theft, forgery, and burglary? Does a three-year limitations period apply to those crimes, as defendant and appellant Marie Elaine Price contends? Or does a four-year limitations period apply to them, as the People contend? We hold that grand theft and forgery are subject to the four-year limitations period in Penal Code sections 801.5 and 803, subdivision (c). We also hold that, regardless of which limitations period applies to burglary, the prosecution of Price for that crime was timely under the facts of this case. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. *Factual background.*

On November 23, 2002, Joe Zamora and Price went to Orange Liquor and Junior Mart. Price cashed two checks, one payable to herself in the amount of $886.23 and the other payable to Zamora in the amount of $986.23. Although the payor on both checks was listed as "Cal. Poly. Pomona," it did not issue the checks.

### II. *Procedural background.*

On April 13, 2006, the People filed an information charging Price in count 1 with second degree commercial burglary (Pen. Code,[1] § 459), in count 2 with forgery by possession of a completed check (§ 475, subd. (c)), in count 3 with forgery by passing a fictitious check (§ 476), and in count 4 with grand theft (§ 487, subd. (a)). The information alleged that the crimes occurred on November 23, 2002. The information also alleged that Price had served three prior separate prison terms within the meaning of section 667.5, subdivision (b).

On May 25, 2006, a jury found Price guilty of all counts. She waived a jury trial on her priors and admitted them. On June 27, the trial court sentenced Price to two years on count 1. It imposed and stayed two-year terms for each of the remaining three counts. Price also received three one-year terms under section 667.5, subdivision (b).

---

[1] All further undesignated statutory references are to the Penal Code.

## DISCUSSION

Price's sole contention on appeal is that the prosecution for grand theft, forgery, and burglary was time-barred under the three-year limitations period in section 801.[2] The People respond that the prosecution was timely under the four-year limitations period in sections 801.5 and 803, subdivision (c).[3] In the first part of our discussion, we determine which statute of limitations applies to grand theft and forgery. In the second part of our discussion, we determine whether the prosecution for burglary was timely.

I. *Grand theft and forgery are offenses described in section 803(c).*

■ Section 799 et seq. governs the time for commencing criminal actions. For example, offenses punishable by imprisonment in state prison are subject to a three-year limitations period.[4] (§ 801.) "Notwithstanding Section 801 or any other provision of law, prosecution for any offense described in subdivision (c) of Section 803 shall be commenced within four years after discovery of the commission of the offense, or within four years after the completion of the offense, whichever is later." (§ 801.5.) Therefore, if grand theft and forgery are "offenses described in" section 803(c), then they are subject to a four-year limitations period commencing on their discovery or on their completion, whichever is later.

■ To determine whether grand theft and forgery are offenses described in section 803(c), we examine both the face of the statute and its legislative history to ascertain and to effectuate the Legislature's intent. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) We first look at the words themselves because they are the most reliable indicator of legislative intent. (*Ibid.*) We give the words of a statute their ordinary and usual meaning and construe them in the context of the statute as a whole. (*Ibid.*) If the plain language of the statute is unambiguous and does not involve an absurdity, the plain meaning governs. (*People v. Garcia* (2002) 28 Cal.4th 1166, 1172 [124 Cal.Rptr.2d 464, 52 P.3d 648].) We examine statutory language in the context of the statutory framework as a whole in order to determine the scope and purpose of a particular statute and harmonize it with the various parts of the statutory scheme. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].) If the statute is

---

[2] Price raises the statute of limitations issue for the first time on appeal. Nevertheless, the issue is not forfeited. The statute of limitations is jurisdictional in nature, and it may therefore be raised at any time. (*In re Demillo* (1975) 14 Cal.3d 598, 601 [121 Cal.Rptr. 725, 535 P.2d 1181].)

[3] Hereafter, we refer to section 803, subdivision (c), as section 803(c).

[4] Section 801 contains exceptions that are inapplicable here.

ambiguous, we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy. (*Ibid.*; *Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 776 [72 Cal.Rptr.2d 624, 952 P.2d 641].) ■ A statute of limitations is to be construed strictly in favor of the accused. (*People v. Zamora* (1976) 18 Cal.3d 538, 574 [134 Cal.Rptr. 784, 557 P.2d 75].)

It is not clear on the face of section 803(c) whether all types of grand theft and forgery, including the grand theft and forgery for which Price was prosecuted, are offenses described therein. Section 803(c) currently provides, "A limitation of time prescribed in this chapter does not commence to run until the discovery of an offense described in this subdivision. This subdivision applies to an offense punishable by imprisonment in the state prison, a material element of which is fraud or breach of a fiduciary obligation, the commission of the crimes of theft or embezzlement upon an elder or dependent adult, *or the basis of which is misconduct in office by a public officer, employee, or appointee, including, but not limited to, the following offenses:*

"*(1) Grand theft of any type, forgery, falsification of public records, or acceptance of a bribe by a public official or a public employee.*

"(2) A violation of Section 72, 118, 118a, 132, 134, or 186.10.

"(3) A violation of Section 25540, of any type, or Section 25541 of the Corporations Code.

"(4) A violation of Section 1090 or 27443 of the Government Code.

"(5) Felony welfare fraud or Medi-Cal fraud in violation of Section 11483 or 14107 of the Welfare and Institutions Code.

"(6) Felony insurance fraud in violation of Section 548 or 550 of this code or former Section 1871.1, or Section 1871.4, of the Insurance Code.

"(7) A violation of Section 580, 581, 582, 583, or 584 of the Business and Professions Code.

"(8) A violation of Section 22430 of the Business and Professions Code.

"(9) A violation of Section 10690 of the Health and Safety Code.

"(10) A violation of Section 529a.

"(11) A violation of subdivision (d) or (e) of Section 368." (§ 803(c), italics added.)[5]

The italicized portion of section 803(c) can be read several ways. It can be read as describing the crimes of grand theft and forgery generally and without limitation. Or it can be read as describing only certain types of grand theft and forgery. For instance, it could mean that grand theft and forgery are examples of "misconduct in office by a public officer, employee, or appointee," but not of an offense, "a material element of which is fraud or breach of a fiduciary obligation." (§ 803(c).) Alternatively, another way it can be read is only grand theft and forgery committed "by a public official or a public employee" would fall under section 803(c). (§ 803(c)(1).)

Because based on the words of section 803(c) it is subject to conflicting interpretations, we turn to its legislative history to aid us in our analysis.

*Section 803(c)'s legislative history confirms that grand theft and forgery, without limitation, are subject to a four-year limitations period.*

Section 803(c)'s legislative history shows that grand theft and forgery, without limitation, fall under it. Before section 803(c) was enacted in 1984,[6]

---

[5] Section 803(c) has been amended since Price committed the offenses in 2002. The version of section 803(c) in effect in 2002 is not substantively different.

[6] In 1984, the Legislature repealed sections 799 through 803, and enacted "new" sections 799 through 806, including new section 803. As enacted in 1984, section 803(c) provided: "A limitation of time prescribed in this chapter does not commence to run until discovery of an offense described in this subdivision. This subdivision applies to an offense punishable by imprisonment in the state prison a material element of which is fraud or breach of a fiduciary obligation or the basis of which is misconduct in office by a public officer, employee, or appointee, including, but not limited to, the following offenses:

"(1) Grand theft of any type, forgery, falsification of public records, or acceptance of a bribe by a public official or a public employee.

"(2) A violation of Section 72, 118, 118a, 132, or 134.

"(3) A violation of Section 25540 or 25541 of the Corporations Code.

"(4) A violation of Section 1090 or 27443 of the Government Code.

"(5) Felony welfare fraud or Medi-Cal fraud in violation of Section 11483 or 14107 of the Welfare and Institutions Code." (Former § 803(c), as enacted by Stats. 1984, ch. 1270, § 2, p. 4335.)

In 1998, the category of "crimes of theft or embezzlement upon an elder or dependent adult" was added by Assembly Bill No. 190 (1997–1998 Reg. Sess.).

a three-year limitations period applied to most felonies.[7] (Former § 800, subd. (a), repealed by Stats. 1984, ch. 1270, § 2, p. 4335.) But certain felonies, including grand theft and forgery, were subject to a three-year limitations period *commencing with the discovery of the crime*. (Former § 800, subd. (c), repealed by Stats. 1984, ch. 1270, § 2, p. 4335.)[8] Grand theft and forgery were therefore subject to a discovery rule before section 803(c) was enacted.

There is no suggestion in section 803(c)'s legislative history that the discovery rule theretofore applicable to grand theft and forgery was eliminated by its enactment. To the contrary, section 803(c) retained the discovery rule, and, moreover, made that rule applicable to many of the same crimes in repealed section 800, subdivision (c), such as grand theft; forgery; perjury (§§ 118, 118a); violations of Corporations Code sections 25540 and 25541, and Government Code sections 1090 and 27443; felony welfare fraud (Welf. & Inst. Code, § 11483); and Medi-Cal fraud (Welf. & Inst. Code, § 14107). (See generally fn. 8.) "The substance of [former, repealed section 800] subdivision (c) is continued in new Sections 801 (three-year limitation period for felonies) and 803 (tolling of limitation period), with the exception of voluntary and involuntary manslaughter . . . ." (Recommendation relating to Statutes of Limitation for Felonies (Jan. 1984) 17 Cal. Law Revision Com. Rep. (1984) appen. 3, p. 329.)

In fact, Assemblyman Byron Sher, the sponsor of the bill enacting section 803, described it as "retain[ing] current law," i.e., the law in effect before 1984. Assemblyman Sher said, "Under current law, for specified crimes where fraud or breach of a fiduciary obligation, or misconduct in office by a public official, is involved—crimes where there is typically concealment—the period of limitations does not begin to run until discovery of the crime occurs. In other words, the bill retains current law." (Assemblyman Sher, sponsor of Assem. Bill No. 2764 (1983–1984 Reg. Sess.), letter to Governor Deukmejian, Aug. 30, 1984.)

Assemblyman Sher also indicated that the crimes listed in section 803(c) are not examples of "misconduct in office by a public officer, employee or

---

[7] Murder, for example, then, as now, had no limitations period.

[8] Repealed section 800, subdivision (c), provided, "An indictment for grand theft, felony welfare fraud in violation of Section 11483 of the Welfare and Institutions Code, felony Medi-Cal fraud in violation of Section 14107 of the Welfare and Institutions Code, forgery, voluntary manslaughter, or involuntary manslaughter, a violation of Section 72, 118, 118a, 132 or 134, of the Penal Code, Section 25540 or 25541 of the Corporations Code, or Section 1090 or 27443 of the Government Code, shall be found, or an arrest warrant issued by the municipal or, where appropriate, the justice court *within three years after its discovery*." (Italics added.)

appointee" only. Rather, he used perjury as an example of an offense having fraud as a material element. He said that the limitations period would be tolled "for any crime, a material element of which is fraud, breach of a fiduciary obligation, or misconduct in office by a public officer or employee. Let me give you an example. Suppose an individual committed perjury, a crime punishable by two, three or five years in prison. Because of the punishment, such a crime would carry a three year statute of limitation. Because fraud is an element of this offense, however, and the offense may not be discovered for some time, under the provisions of this bill, the limitation period would be tolled . . . ." (Assemblyman Sher, Statement on Assem. Bill No. 2764 (1983–1984 Reg. Sess.) p. 2.) Thus, perjury, grand theft, forgery, and the other offenses in section 803(c)(1) through (11) are not examples of misconduct committed by a public officer, employee, or appointee while in office only.

This point was reinforced when section 803(c) was amended in 1985 to clarify the statute of limitations applicable to corporate securities violations. "Section 803(c)[(3)] provides that violations of Sections 25540 and 25541 of the Corporations Code run from the date of discovery. However, the introductory language of subdivision (c) relating to crimes which contain fraud as a material element could be read to limit the date of discovery to only those security violations which necessarily involve fraud. [¶] The drafters of the revised statute agree that no such limitation was ever contemplated or intended. [¶] This bill would provide that a violation of Corporations Code Section 25540 ' "of any type" ' would run from the date of discovery. *Similar language is presently used to make clear that all grand thefts run from the date of discovery whether or not fraud is involved.*" (Sen. Com. on Judiciary, com. on Assem. Bill No. 804 (1985–1986 Reg. Sess.) as amended May 22, 1985, p. 7, italics added.)

Nor are grand theft and forgery qualified by the term "by a public official or a public employee" in section 803(c)(1). That term refers to the crime of acceptance of a bribe by a public official or a public employee; it does not qualify the entire section 803(c)(1) so that only grand theft "by a public official or a public employee" is in section 803(c)'s ambit. Before section 803(c) was enacted in 1984, the crime of acceptance of a bribe by a public official or public employee had a six-year limitations period. (Former § 800, subd. (b), repealed by Stats. 1984, ch. 1270, § 2, p. 4335.) Section 803(c)'s enactment changed that limitations period by deleting the crime of acceptance of a bribe by a public official from the six-year limitations period and adding it to the three-year limitation category. (Assem. Com. on Crim. Law and

Public Safety, com. on Assem. Bill No. 2764 (1983–1984 Reg. Sess.) May 9, 1984, p. 4.) "[A]cceptance of a bribe by a public official or public employee . . . is governed by new Sections 801 (felonies subject to three-year limitation period) and 803 (tolling of limitation period)." (Recommendation relating to Statutes of Limitation for Felonies, *supra*, 17 Cal. Law Revision Com. Rep. (1984) appen. 3, p. 329.) Therefore, "by a public official or a public employee" refers only to acceptance of a bribe by such a person. It does not also qualify grand theft or forgery.[9]

■ We therefore conclude that the enactment of section 803(c) did not change the limitations period and discovery rule that had previously been applicable to grand theft and forgery. Before and after section 803(c)'s enactment, grand theft and forgery were subject to a three-year limitations period (later increased to four years by section 801.5) which commenced to run on the discovery of the crimes. Because grand theft and forgery—whether committed by a public official or a private citizen—are "offenses described in subdivision (c) of Section 803," prosecution for them must be commenced within the four-year limitations period in section 801.5.

■ Here, Price's crimes were committed on November 23, 2002. An information charging Price with burglary, forgery by possession or receipt of items, forgery by fictitious or altered bills, and grand theft was filed on April 13, 2006, before November 23, 2006, which is when the four-year limitations period expired. The prosecution for grand theft and forgery was timely.

II. *The prosecution for burglary was timely.*

Although both the face of section 803(c) and its legislative history demonstrate that grand theft and forgery are subject to the four-year limitations period, they do not support a similar conclusion as to burglary. Burglary is not expressly listed in section 803(c). And, on the face of section 803(c), burglary appears to be excluded from it.

---

[9] The Law Revision Commission Comment to section 803(c) also attributes a broad meaning to the subdivision: "Although subdivision (c) generally governs crimes involving fraud or breach of fiduciary duty, all types of grand theft are included within subdivision (c) in order to avoid the need to characterize the material elements of the particular crime in every case." (Cal. Law Revision Com. com., 50 West's Ann. Pen. Code (1985 ed.) foll. § 803, p. 203; see also *People v. Fine* (1997) 52 Cal.App.4th 1258, 1266 [61 Cal.Rptr.2d 254] [noting that the tolling provision in another version of section 803(c) applies to grand theft " '*of any type*' " and citing legislative history stating that " 'language is presently used to make clear that all grand thefts run from the date of discovery whether or not fraud is involved' "].)

Nevertheless, the People point out that the list of 11 examples in section 803(c) "is not intended to be exhaustive. Crimes not specifically delineated are included under its umbrella as long as the crimes have as their core, or a material element of the crime is, fraud or breach of a fiduciary obligation." *(People v. Guevara* (2004) 121 Cal.App.4th 17, 25 [16 Cal.Rptr.3d 738]; see also *People v. Bell* (1996) 45 Cal.App.4th 1030, 1060–1061 [53 Cal.Rptr.2d 156] [filing or recording a forged instrument in violation of § 115, subd. (a), falls under section 803(c)]; *People v. Fine, supra,* 52 Cal.App.4th 1258 [a violation of Corp. Code, § 25110 (offering to sell and issue, and selling and issuing unqualified securities) falls under section 803(c) because of the fraudulent nature of the crime and of the Legislature's intent to apply the tolling provisions to any type of violations of Corp. Code, § 25540].)

We find the People's proposition that burglary also falls under section 803(c) doubtful. In any event, we have no need to resolve that issue at this time. Even if we assume that burglary is not an offense described in section 803(c) and that it is subject to the three-year limitations period in section 801, the prosecution of Price for burglary was still timely.

■ Specifically, prosecution for an offense is commenced when an indictment or information is filed; a complaint is filed charging a misdemeanor or infraction; a case is certified to the superior court; *or an arrest or bench warrant is issued,* provided the warrant names or describes the defendant with the same degree of particularity required for an indictment, information or complaint. (§ 804; see also *People v. Martinez* (2000) 22 Cal.4th 750, 764 [94 Cal.Rptr.2d 381, 996 P.2d 32] ["Since 1981 . . . the general felony statute of limitations may be satisfied also by the issuance of an arrest or bench warrant"].) Here, a felony complaint for arrest warrant was filed on April 23, 2003.[10] The felony complaint stated counts for burglary (§ 459), forgery (§ 475, subd. (c)), forgery (§ 476), and grand theft (§ 487, subd. (a)). An arrest warrant for Price was then issued on April 25, 2003. The issuance of the arrest warrant on that date commenced prosecution well before either a three- or four-year limitations period expired.

■ Price argues that we may not undertake a review of these documents to determine whether the charges are timely. Our Supreme Court, however, has indicated that we may conduct such a review. When a charging document "indicates on its face that the action is time-barred, a person convicted of a

_____

[10] The People have filed a motion to augment the record with the felony complaint for an arrest warrant and a printout dated April 10, 2006, of minute orders in the Superior Court case. Price opposes the augmentation motion. We grant it. We also note that the first page of the felony complaint has a date of April 11, 2006, on it, although the minute order states it was filed on April 23, 2003. Although Price opposes the augmentation motion, she makes no argument concerning what is the correct filing date of the felony complaint. In any event, the order issuing the warrant is clearly dated April 25, 2003.

charged offense may raise the statute of limitations at any time. If the court cannot determine from the available record whether the action is barred, it should hold a hearing or, if it is an appellate court, it should remand for a hearing." (*People v. Williams* (1999) 21 Cal.4th 335, 341 [87 Cal.Rptr.2d 412, 981 P.2d 42], fn. omitted (*Williams*).)

In *Williams*, the face of the complaint showed that the action was time-barred. The Attorney General, citing information outside the appellate record, claimed that the prosecution was timely. The Court of Appeal remanded the matter to the trial court to determine if the statute of limitations had run. Our Supreme Court held that the defendant had not forfeited his right to raise the statute of limitations *and* that the procedure the Court of Appeal employed was proper. (Accord, *People v. Smith* (2002) 98 Cal.App.4th 1182, 1191 [120 Cal.Rptr.2d 185].) Price dismisses as dicta *Williams*'s statement that an appellate court may remand for a hearing to determine the applicability of the statute of limitations. It is not. The procedure the Court of Appeal in *Williams* applied was directly at issue and decided. Moreover, the court in *Smith*, relying on *Williams*, said that "the proper method for evaluating a statute of limitations defense, raised for the first time on appeal based upon a facially deficient pleading, is to review the record or, if necessary, to remand the case to the trial court for factual findings on the statute of limitations question." (*Smith*, at p. 1191.)

Price also cites cases, including *In re Demillo, supra,* 14 Cal.3d 598, for the proposition that we may not consider the information in the People's augmentation motion. The petitioner in *In re Demillo* argued that the prosecution was time-barred. The Attorney General tried to present evidence that the statute of limitations was tolled because the petitioner had been absent from the state. The court said it was improper to allow the Attorney General to present such evidence because it would require the appellate court to make factual determinations about when the petitioner was in the state. (*Id.* at p. 603.)

Here, however, we need not make any such factual determinations. The record clearly shows that the arrest warrant was issued on April 25, 2003, well within any applicable limitations period. We therefore conclude that the prosecution of Price for burglary, like the prosecution for grand theft and forgery, was timely.

## DISPOSITION

The judgment is affirmed. The motion to augment is granted.

Croskey, Acting P. J., and Kitching, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 3, 2008, S157227. Werdegar, J., did not participate therein.