Filed 2/11/14 (unmodified opn. attached)

<u>CERTIFIED FOR PUBLICATION</u>

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF VENTURA

# APPELLATE DIVISION

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     vs.<br><br>BRIAN WETHERELL,<br><br>   Defendant and Appellant. | ) Ventura County Superior Court Case<br>) Number 2010038277<br>)<br>) ORDER MODIFYING OPINION,<br>) CERTIFYING OPINON FOR<br>) PUBLICATION<br>) [NO CHANGE IN JUDGMENT]<br>)<br>)<br>) |

THE COURT:

It is ordered that the opinion filed herein on January 3, 2014, be modified as follows:

1.  On page 5, footnote 2 should be deleted.

2.  All subsequent footnotes are to be renumbered.

There is no change in the judgment.

For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

        KENT M. KELLEGREW
        Presiding Judge, Appellate Division

1

Filed 1/3/14; pub. order 1/27/14     (unmodified version)

**CERTIFIED FOR PUBLICATION**

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF VENTURA

### APPELLATE DIVISION

| | |
|---|---|
| THE PEOPLE, | ) |
| | ) |
| Plaintiff and Respondent, | ) |
| | ) Ventura County Superior Court Case |
| vs. | ) Number 2010038277 |
| | ) |
| BRIAN WETHERELL, | ) |
| | ) |
| Defendant and Appellant. | ) |
| | ) |

**THE COURT:**

APPEAL from a judgment from the trial court in the Superior Court of Ventura County, Hon. Matthew P. Guasco, Hon Kent M. Kellegrew and Hon. Nancy L. Ayers, Judges.  Judgment was affirmed.

Trial Judge:
Kevin G. DeNoce

Counsel:
Gregory D. Totten, District Attorney and W. Taylor Waters, Deputy District Attorney, for Plaintiff/Respondent

David McDuffie for Defendant/Appellant

2

## OPINION AND JUDGMENT

Defendant and appellant, Brian Wetherell ("appellant"), appeals his conviction following his plea of no contest to a misdemeanor count of diverting construction funds in violation of Penal Code, Section 484b. Appellant argues that the judgment of conviction and sentence should be reversed because his prosecution for the charged offense is time-barred. Specifically, appellant argues that the charged offense is governed by the three-year limitations period provided by Penal Code, Section 801. Plaintiff and respondent, the People ("respondent"), argues that violation of Penal Code, Section 484b is a crime, "a material element of which is fraud," within the meaning of Penal Code, Section 803, subdivision (c), thus bringing prosecution of the charged offense within the four-year limitations period of Penal Code, Section 801.5. It is undisputed that the prosecution commenced later than three years but within four years after the acts which serve as the basis of the charged offense.

We hold that the offense of diverting construction funds in violation of Penal Code, Section 484b, although not one in which the specific intent to defraud is an essential element for conviction, is nonetheless a crime in which fraud is a "material element" for purposes of applying the four-year statute of limitations pursuant to Penal Code, Sections 801.5 and 803, subdivision (c). Accordingly, prosecution of the charged offense is not time-barred, and we affirm the judgment of conviction and sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

The prosecution of this case began with the filing of a complaint on October 16, 2009, alleging that appellant violated Penal Code, Section 484b, diverting construction funds, a felony, as well as Business & Professions Code, Section 7159, subdivision (d), excessive demand for down payment, a misdemeanor.[1] Both charged offenses were alleged to have been committed by appellant on or about April 5, 2006. Through a series of procedural events which are not summarized here, including amending, dismissing, and re-filing of charges, the current

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

incarnation of the charges are as misdemeanors. Appellant was arraigned on and entered pleas of not guilty to the misdemeanor charges alleged.

On September 12, 2011, the case was assigned to a trial department for hearing on appellant's motion to dismiss for lack of jurisdiction based upon the bar of the statute of limitations and for a jury trial. The parties briefed the statute of limitations issues before the trial court. Appellant argued that the charged offenses are subject to the three-year limitations period of Section 801. Respondent argued that the prosecution is governed by the four-year limitations period of Section 801.5 and Section 803, subdivision (c) (fraud a "material element" of the offense).

On September 14, 2011, the trial court denied appellant's motion to dismiss. The trial court concluded that, based upon the authorities presented by the parties and the legislative history and intent of Section 484b and Section 803, subdivision (c), the charged offenses are subject to the four year limitations period of Section 801.5, not the three-year limitations period of Section 801. It is undisputed that prosecution of the charged offenses began more than three years but sooner than four years after the date the crimes were committed.

On May 9, 2012, appellant entered his plea of no contest to Count 1, a misdemeanor violation of Section 484b. Count 2 was dismissed on motion of respondent in light of the plea. A restitution hearing was conducted by the trial court on June 14 and June 23, 2012, during which testimony was taken concerning the monetary loss suffered by the victim, a homeowner who had contracted with appellant concerning a construction project. At the conclusion of the restitution hearing, the trial court suspended the imposition of sentence and placed appellant on unsupervised probation for 36 months. Among the terms and conditions imposed, the trial court ordered that appellant serve 30 days in jail and pay restitution to the victim in the amount of $52,692, plus interest at the rate of 10% per annum beginning April 5, 2006, until paid in full. The jail sentence was stayed pending payment of restitution in full.

Appellant filed a notice of appeal of the judgment of conviction and sentence on June 25, 2012.

## APPEALABILITY

The judgment of conviction and sentence is appealable. (§ 1466, subd. (b)(1).) The right to appeal a misdemeanor judgment of conviction and sentence exists without the need for issuance of a certificate of probable cause. (*People v. Woods* (1978) 84 Cal.App.3d 149, 154.) The jurisdictional bar of the statute of limitations is not waived on appeal following entry of a no contest plea. (See *People v. Zamora* (1977) 18 Cal.3d 538, 547.)

## DISCUSSION

### I.

### STANDARD OF REVIEW

The question of whether a prosecution is barred by the statute of limitations is one of law concerning a jurisdictional defect. Resolution of that question is based upon undisputed procedural facts. Moreover, resolution of the statute of limitations jurisdictional question depends upon our construction of the relevant statutes, a purely legal task. Accordingly, we exercise our independent judgment on review of the issues in this appeal. (*Pugliese v. Superior Court* (2007) 146 Cal.App.4th 1444, 1448.)

### II.
### SECTION 484b IS AN OFFENSE, A MATERIAL ELEMENT OF WHICH IS FRAUD, WITHIN THE MEANING OF SECTIONS 801.5 AND 803(c)

The statute of limitations serves valuable purposes in a criminal prosecution. Chief among them are the avoidance of prejudice to both the People and the defendant resulting from the loss of evidence with the passage of time, as well as respect for the right of a defendant to a speedy trial. (*People v. Zamora, supra*, 18 Cal.3d at pp. 546-547.) The bar of the statute of limitations is a jurisdictional defect which cannot be waived by the defendant. (*Id*. at p. 547.)

Section 801 establishes a three-year statute of limitations for offenses punishable as felonies, even though those same offenses may be prosecuted as misdemeanors. The charged offense in this case – violation of Section 484b – may be prosecuted as either a felony or a misdemeanor. It was initially filed as a felony and later amended to a misdemeanor.

Section 801.5 is an exception to section 801 and provides as follows:

"Notwithstanding Section 801 or any other provision of law, prosecution of any offense described in subdivision (c) of Section 803 shall be commenced within four years after discovery of the commission of the offense, or within four years after completion of the offense, whichever is later."

Section 803, subdivision (c), provides in pertinent part as follows: "A limitation of time prescribed in this chapter does not commence to run until the discovery of an offense described in this subdivision. This subdivision applies to an offense punishable by imprisonment in the state prison or imprisonment pursuant to subdivision (h) of Section 1170, *a material element of which is fraud* or breach of a fiduciary obligation . . . ." (Emphasis added.)

Section 803, subdivision (c) goes on to list specific offenses within its ambit. It is undisputed that the charged offense here – violation of Section 484b – is not included in that list. It has been held, however, that the list contained in Section 803, subdivision (c) is not exhaustive. (*People v. Guevara* (2004) 121 Cal.App.4th 17, 25.) The question in this appeal is whether a violation of Section 484b is one in which "a material element . . . is fraud" within the meaning of Section 803, subdivision (c).

Appellant correctly argues that violation of Section 484b is a general intent crime in which specific intent to defraud is not an element essential for conviction. (*People v. Stark* (1994) 26 Cal.app.4th 1179, 1182-1183.) Respondent, however, also is correct that this observation does not dispose of the question of whether, for purposes of the statute of limitations, a violation of Section 484b is one in which a material element is fraud within the meaning of Section 803, subdivision (c).

In determining whether an offense is one in which a material element is fraud within the meaning of Section 803, subdivision (c), we must determine if Section 484b is intended by the legislature to punish and deter fraudulent conduct, not whether or not a specific intent to defraud is an explicit element of that offense. (*People v. Fine* (1997) 52 Cal.App.4th 1258, 1265; *People v. Guevara, supra,* 121 Cal.App.4th at pp. 25-26; *People v. Bell* (1996) 45 Cal.App.4th 1030, 1060-1061.) If the crime is intended by the legislature to punish and deter fraud, then the delayed discovery provisions of Section 803, subdivision (c), and the four-year limitations period

6

of Section 801.5 apply regardless of whether a specific intent to defraud is an element of the offense for purposes of conviction. (*People v. Guevara, supra*, 121 Cal.App.4th at pp. 25-26; *People v. Bell, supra,* 45 Cal.App.4th at pp. 1060-1061.)

For example, in *People v. Guevara, supra*, 121 Cal.App.4th 17, the court held that a violation of Elections Code, Section 18203 – filing a false nomination paper – is one in which a material element is fraud for purposes of Section 803, subdivision (c), and Section 801.5, even though an intent to defraud is not an element essential for a conviction of that offense. (121 Cal. App.4th at pp. 24-25.) Although violation of Elections Code, Section 18203 involves only general criminal intent, its core purpose is to prevent election fraud. (Id. at p. 25.) Accordingly, a violation of that statute involves fraud as a material element within the meaning of Section 803, subdivision (c), and the four-year limitations period of Section 801.5 applies to that offense. (*Ibid*.)

In *People v. Bell, supra*, 45 Cal.App.4th 1030, the court reached a similar conclusion concerning an offense as to which an intent to defraud is not an element essential to conviction – Section 115, subdivision (a), filing or recording a false document. (45 Cal.App.4th at pp. 1060-1061.) The court in *People v. Bell* reasoned that the core purpose of Section 115, subdivision (a) is to protect the integrity and reliability of public records from fraud. (*Ibid*.) Accordingly, that offense involves fraud as a material element within the meaning of Section 803, subdivision (c) and Section 801.5. (*Ibid.*)[2]

Here, Section 484b makes it a crime for a contractor ". . . who receives money for the purpose of obtaining or paying for services, labor, materials or equipment and willfully fails to apply such money for such purpose by either willfully failing to complete the improvements for which funds were provided or willfully failing to pay for services, labor, materials or equipment provided incident to such construction, and wrongfully diverts the funds to a use other than that for which the funds were received . . . ." We have not identified any published decision

---

[2] The court which decided *People v. Bell* expressly departed from that decision on an unrelated issue in the later case of *People v. Athar* (2002) 105 Cal.App.4th 479, 129 Cal.Rptr. 351, 360.

answering the question of whether Section 484b either is or is not a crime involving fraud as a material element for purposes of Section 803, subdivision (c).

In *People v. Howard* (1969) 70 Cal.2d 618, our Supreme Court discussed in some great detail the legislative purposes underlying Section 484b. In the course of that discussion, the Court observed that "[i]t clearly appears that a contractor guilty of [violating Section 484b] has also acted against good morals and fair dealing, that his conduct has necessarily prejudiced the rights of homeowners and of those who may have provided financing, and that his acts likewise constitute a 'case of *fraud*' within the exception to the constitutional ban on imprisonment for debt." (70 Cal.2d at p. 623, emphasis added.) Although the Court in *People v. Howard* made this observation in the course of holding that Section 484b as then written did not violate the bar on imprisonment for debt contained in Article I, Section 10 of the California Constitution, the statement is a judicial interpretation of Section 484b which carries great weight. (*People v. Guthrie* (1983) 144 Cal.App.3d 832, 839.)[3]

The Supreme Court's identification of preventing fraud on homeowners as a core purpose of Section 484b has been echoed by the published decisions since *People v. Howard*. (E.g., *People v. Butcher* (1986) 185 Cal.App.3d 929, 937-938 ["The purpose of section 484b is to punish fraudulent conversion."]; *People v. Worrell* (1980) 107 Cal.App.3d 50, 55-56; *People v. Heitz* (1983) 145 Cal.App.3d Supp. 8, 14-15.)

Accordingly, we hold that the offense stated by Section 484b is a crime, "a material element of which is fraud," within the meaning of Section 803, subdivision (c). As such, it is subject to the four-year limitations period of Section 801.5, not the three-year limitations period of Section 801.

---

[3] The decision in *People v. Howard* preceded the amendment of Section 484b to eliminate the element of economic loss to the property of the homeowner as a result of the diversion of construction funds, a circumstance which does not affect our reliance upon that decision in this case.

### III.
### PROSECUTION OF THE SECTION 484b CHARGE
### IN THIS CASE IS NOT TIME-BARRED

It is undisputed that the prosecution of this case began on October 16, 2009, and that the acts which serve as the basis of the charged Section 484b offense occurred on or about April 5, 2006. Thus, the prosecution commenced within four years of the criminal act, within the limitations period set forth in Section 801.5. Therefore, the trial court properly denied appellant's motion to dismiss on the ground of the bar of the statute of limitations. The charged offense to which appellant entered his no contest plea is not time barred.

### CONCLUSION

For the above reasons, we hereby AFFIRM the judgment of conviction and sentence.