Filed 1/30/25  P. v. Knox CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C101113 |
| v. | (Super. Ct. No. 03F06958) |
| ANTHONY MARCELOUS KNOX, | |
| Defendant and Appellant. | |

Defendant Anthony Marcelous Knox appeals from a trial court resentencing order under Penal Code section 1172.75[1] in which the trial court dismissed a prior prison term enhancement but declined to dismiss prior strike convictions.  Defendant's appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to review the record and determine if there are any arguable issues on appeal.  Defendant subsequently filed a supplemental brief.  Finding no merit in the contentions asserted in defendant's supplemental brief, we will affirm the trial court's resentencing order.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2002, when defendant was 33 years old, he had sexual intercourse with a 14-year-old girl, resulting in the birth of a child. (*People v. Knox* (June 1, 2007, C051802) [nonpub. opn.] (*Knox*).) Police officers attempted paternity testing, but defendant's cousin impersonated defendant during the testing. (*Ibid*.) The cousin later told police that defendant had paid him $300 to impersonate defendant while providing a DNA sample. Defendant was found guilty of committing a lewd or lascivious act upon a 14-year-old child and being at least 10 years older than the victim (§ 288, subd. (c)(1)), felony unlawful sexual intercourse (§ 261.5, subd. (d)), aiding and abetting false impersonation (§ 529, former subd. (3)), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1)). The trial court found true a prior prison term enhancement allegation (former § 667.5, subd. (b)) and three prior strike conviction allegations (§§ 667, subds. (b)-(i), 1170.12). The prior strikes involved two 1989 convictions for attempted murder (§§ 664,187) and a 1988 conviction for first degree burglary (§ 459). (*Knox*, *supra*, C051802.) The trial court dismissed one count of rape by means of force. (§ 261, subd. (a)(2).)

In January 2006, the trial court denied defendant's *Romero*[2] motion and sentenced him to 25 years to life in prison, plus one year for the prior prison term enhancement. This court affirmed the judgment but modified defendant's custody credits. (*Knox, supra*, C051802.)

The trial court subsequently received notice from the Department of Corrections and Rehabilitation that defendant was eligible for resentencing under section 1172.75. In September 2023, the trial court appointed counsel and requested briefing.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

Defendant filed a brief asking the trial court to dismiss his prior prison term enhancement and, pursuant to *Romero* and section 1385, one or more of his prior strike convictions, which would result in a three-year upper term aggregate prison sentence. Defendant argued he was young when he committed the strike offenses, the strikes were based on prior convictions that were more than five years old, a life sentence did not serve the interests of justice because some of his offenses were wobblers and did not involve violence, he had not committed additional sex crimes, he had been incarcerated for 17 years, he was 53 years old, he had no rules violations, he engaged in rehabilitation efforts while incarcerated, he expressed remorse for his prior behavior, and he had trained to work as a food handler and sewing machine operator.

The People filed a brief asking the trial court to dismiss the prior prison term enhancement but otherwise leave the sentence unchanged. The People noted that although the decision was not yet final, defendant had been granted parole in September 2023. But the People nevertheless argued it was not in the interests of justice to dismiss the prior strike convictions given defendant's extensive criminal history.

In a supplemental brief, however, the People informed the trial court that the Board of Parole Hearings had vacated defendant's grant of parole in light of information that defendant had recently been involved in fraudulently obtaining Employment Development Department (EDD) benefits. When questioned by the Board of Parole Hearings investigator, defendant initially denied knowing about any fraudulent EDD claim but eventually confessed he had filed a claim under his prior work history. The People argued the trial court could consider the evidence pursuant to section 1172.75, subdivision (d)(3).

The trial court said it had been prepared to dismiss a strike conviction under section 1172.75 and *Romero* because defendant had served a long sentence and some of his charges could be wobblers. But the trial court said defendant had just committed a "fairly sophisticated crime," giving the trial court diminished confidence defendant

would remain crime-free if released.  The trial court dismissed the prior prison term enhancement but otherwise left the sentence unchanged.

DISCUSSION

Defendant's appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436; *Delgadillo, supra*, 14 Cal.5th at p. 226.)  Defendant was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  Defendant filed a supplemental brief.

In his supplemental brief, defendant contends (1) he was a victim of identity theft in 2014, 2016, and 2020, and no one had his permission to use his personal information for criminal activities; (2) any EDD fraud was done without his knowledge or consent; and (3) the trial court erred in considering evidence of the EDD fraud during the May 2024 resentencing hearing because any allegations were time barred under section 801.  We evaluate the specific arguments presented but need not independently review the record.  (*Delgadillo, supra*, 14 Cal.5th at pp. 228-232.)

Section 801 generally requires that the prosecution of a felony offense punishable by less than eight years must be commenced within three years after the commission of the offense.  There are certain exceptions, including the one in section 801.5, which provides that a crime involving fraud can be brought within four years after discovery or completion of the offense.  (§§ 801.5, 803, subd. (c); *People v. Price* (2007) 155 Cal.App.4th 987, 996.)

Section 1172.75, which was effective in 2022, generally invalidates sentence enhancements imposed under former section 667.5, subdivision (b), with some exceptions that are not relevant here.  When presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  The statute requires the trial court to apply the sentencing rules of the Judicial Council, as well as any other changes in law that reduce sentences or increase judicial

discretion.  (§ 1172.75, subd. (d)(2).)  The trial court may also consider postconviction factors, including, but not limited to, (1) a defendant's disciplinary record or record of rehabilitation, (2) evidence that reflects whether any factors "have reduced the defendant's risk for future violence," or (3) evidence that reflects that "circumstances have changed . . . so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

We review a trial court's sentencing decisions, including a decision declining to dismiss a strike conviction, for abuse of discretion.  (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony*).)  "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all."  (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.)

Despite defendant's arguments in his supplemental brief, the trial court did not abuse its discretion in considering the evidence of the 2020 EDD fraud.  Even if section 801 prevented defendant from being prosecuted for the fraud -- a question we do not decide here -- section 1172.75 gave the trial court broad authority to consider postconviction circumstances during resentencing, including whether evidence of recent conduct indicated that continued incarceration was in the interest of justice.  (§ 1172.75, subd. (d)(3).)  To the extent defendant had evidence that the EDD fraud was committed without his permission due to identity theft, he should have presented it to the trial court. (See *Carmony, supra*, 33 Cal.4th at p. 377 [a reviewing court does not substitute its evaluation for that of the sentencing court].)

The arguments asserted in defendant's supplemental brief lack merit.

## DISPOSITION

The trial court's resentencing order is affirmed.

5

/S/
MAURO, Acting P. J.

We concur:

/S/
RENNER, J.

/S/
BOULWARE EURIE, J.