[No. B205061. Second Dist., Div. Five. June 18, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
SATISH SHETTY, Defendant and Appellant.

COUNSEL

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**TURNER, P. J.**—Defendant, Satish Shetty, appeals after he pled nolo contendere to a single misdemeanor count of home equity sales fraud in violation of Civil Code section 1695.8 which is part of the Home Equity Sales Contract Act. (Civ. Code, § 1695 et seq.) On appeal, defendant argues he is entitled to a reversal because the charged offense was barred by the three-year statute of limitations in Penal Code section 801. We disagree.

On May 21, 2007, a felony complaint for arrest warrant was issued. The warrant sought the arrest of defendant and three codefendants. This appeal only involves count 12—the charge to which defendant pled nolo contendere. Count 12 of the felony complaint alleges that on August 19, 2003, defendant and his three codefendants violated Civil Code section 1695.6, subdivision (a). Count 12 of the felony complaint alleges defendants failed to provide Lawrence Herbert, a home equity seller, with a written contract that complied with the disclosure and other requirements in Civil Code sections 1695.2, 1695.3, and 1695.5.

According to the September 26, 2007 preliminary hearing transcript, Mr. Herbert, then aged 80, was told he could save his home from foreclosure by securing a second mortgage. At the time, Mr. Herbert was in arrears on his mortgage payments. On August 19, 2003, Mr. Herbert was provided a series of documents to sign under the guise that he was securing a second mortgage on his property. The documents did not comply with the disclosure requirements imposed by the Home Equity Sales Contract Act. Only after the escrow closed was Mr. Herbert told that he had sold his home. Defendant was told that he had to sign a lease in order to stay in his home. Mr. Herbert asked, " 'Why do I have to sign a lease?' " Defendant responded, " 'Because you don't own the property anymore.' " Mr. Herbert said, " 'I had no intention of selling my property.' " Defendant demanded, " 'You'll have to sign the lease or else we'll evict you.' " Mr. Herbert testified: "I had no intention of selling my house. I was told I was getting a loan." After defendant was held to

answer, count 12 of the amended information contained the same felony charge as in the complaint which resulted in the issuance of the arrest warrant on May 21, 2007.

On December 6, 2007, the prosecutor moved to amend count 12 of the amended information to allege a misdemeanor violation of Civil Code section 1695.6, subdivision (a). Defendant then pled nolo contendere to the misdemeanor charge. The prosecutor, on the express condition defendant's plea under count 12 remain viable, moved to dismiss counts 1 through 11 and 13 through 17. Defendant was then sentenced to serve 189 days in county jail and to pay a Penal Code section 1202.4, subdivision (b)(1) fine in the sum of $100. Later, the trial court issued a probable cause certificate.

■ Defendant asserts that all of the Civil Code section 1695.6, subdivision (a) counts were barred by the three-year Penal Code section 801 statute of limitations. We need not address the relationship of the statute of limitations to any charge but the one before us—count 12. The Home Equity Sales Contract Act regulates transactions between an equity purchaser and an equity seller resulting in the sale of residential real property in foreclosure. (*Spencer v. Marshall* (2008) 168 Cal.App.4th 783, 794 [85 Cal.Rptr.3d 752]; *Segura v. McBride* (1992) 5 Cal.App.4th 1028, 1035–1036 [7 Cal.Rptr.2d 436].) As noted, count 12 alleges defendant violated Civil Code section 1695.6, subdivision (a) which states: "The contract as required by Sections 1695.2, 1695.3, and 1695.5, shall be provided and completed in conformity with those sections by the equity purchaser." Civil Code sections 1695.2, 1695.3, and 1695.5 impose disclosure and other requirements on home equity sale contracts. In order for the Home Equity Sales Contract Act to apply, the equity seller must reside in the residence. (Civ. Code, § 1695.1, subd. (b); *In re Phelps* (2001) 93 Cal.App.4th 451, 455–459 [113 Cal.Rptr.2d 217].)

■ Civil Code section 1695.8 criminalizes violations of the Home Equity Sales Contract Act involving fraud or deceit: "Any equity purchaser who violates any subdivision of Section 1695.6 or who engages in any practice which would operate as a fraud or deceit upon an equity seller shall, upon conviction, be punished by a fine of not more than twenty-five thousand dollars ($25,000), by imprisonment in the county jail for not more than one year, or in the state prison, or by both that fine and imprisonment for each violation." As can be noted, Civil Code section 1695.8 is an alternative felony/misdemeanor. (Pen. Code, § 17, subd. (b); see *In re Phelps, supra,* 93

Cal.App.4th at p. 454.) Because the offense is an alternative felony/misdemeanor, the applicable statute of limitations is that for a felony violation. (Pen. Code, § 805, subd. (a)[1]; *People v. Johnson* (2006) 145 Cal.App.4th 895, 902, fn. 12 [51 Cal.Rptr.3d 893].) The present prosecution was commenced when the felony arrest warrant was issued on May 21, 2007. (Pen. Code, § 804, subd. (d)[2]; *People v. Price* (2007) 155 Cal.App.4th 987, 997 [66 Cal.Rptr.3d 595].)

Defendant argues the May 21, 2007 issuance of the arrest warrant was untimely as it was not issued within three years of August 19, 2003, the date the amended information alleges defendant and his three codefendants violated Civil Code section 1695.6, subdivision (a). Defendant relies on Penal Code section 801 which provides for a three-year statute of limitations, "Except as provide in Sections 799 and 800, prosecution for an offense punishable by imprisonment in the state prison shall be commenced within three years after commission of the offense." The parties agree that Penal Code sections 799,[3] which relates to offenses punishable by imprisonment for life, with or without the possibility of parole, or embezzlement of public moneys, and 800,[4] which applies when a conviction can result in a sentence of eight years or more, have no application to this case.

The Attorney General argues the applicable statute of limitations is four years because the Civil Code section 1695.8 violation is an offense involving fraud. The Attorney General relies on Penal Code sections 801.5 and 803, subdivision (c). Penal Code section 801.5 states, "Notwithstanding Section 801 or any other provision of law, prosecution for any offense described in subdivision (c) of Section 803 shall be commenced within four years after

---

[1] Penal Code section 805, subdivision (a) states in part: "For the purpose of determining the applicable limitation of time pursuant to this chapter: [¶] (a) An offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed."

[2] Penal Code section 804, subdivision (d) stated in part on August 19, 2003, the date of the offense alleged in count 12: "For the purpose of this chapter, prosecution for an offense is commenced when any of the following occurs: [¶] . . . [¶] (d) An arrest warrant or bench warrant is issued, provided the warrant names or describes the defendant with the same degree of particularity required for an indictment, information, or complaint." (Stats. 1998, ch. 931, § 358.) Now, Penal Code section 804, subdivision (d) states: "Except as otherwise provided in this chapter, for the purpose of this chapter, prosecution for an offense is commenced when any of the following occurs: [¶] . . . [¶] (d) An arrest warrant or bench warrant is issued, provided the warrant names or describes the defendant with the same degree of particularity required for an indictment, information, or complaint."

[3] Penal Code section 799 states in part: "Prosecution for an offense punishable by death or by imprisonment in the state prison for life or for life without the possibility of parole, or for the embezzlement of public money, may be commenced at any time."

[4] Penal Code section 800 states, "Except as provided in Section 799, prosecution for an offense punishable by imprisonment in the state prison for eight years or more shall be commenced within six years after commission of the offense."

discovery of the commission of the offense, or within four years after the completion of the offense, whichever is later." Penal Code section 803, subdivision (c) states in part, as it did in 2003 when the count 12 offense was committed: "A limitation of time prescribed in this chapter does not commence to run until the discovery of an offense described in this subdivision. This subdivision applies to an offense punishable by imprisonment in the state prison, a material element of which is fraud . . . ."[5] We agree with the Attorney General that a material element of a violation of Civil Code section 1695.8 is fraud. Civil Code section 1695.8 explicitly states that "fraud or deceit" is an element of the offense. In the context of this case, the preliminary hearing transcript indicates Mr. Herbert was defrauded into signing documents which resulted in his home being sold.

■ There is no merit to defendant's argument that since Civil Code section 1695.8 is not one of the enumerated offenses listed in Penal Code section 803, subdivision (c)(1) through (11), the four-year statute of limitations period does not apply. (See fn. 5, *ante.*) Penal Code section 803, subdivision (c) expressly applies in part "to an offense punishable by imprisonment in the state prison, a material element of which is fraud" which includes a violation of Civil Code section 1695.8. The enumerated offenses in Penal Code section 803, subdivision (c)(1) through (11) are illustrative and are not the only crimes to which the four-year statute of limitations applies.

■ Thus, the four-year Penal Code section 801.5 statute of limitations controls. The felony complaint and amended information allege in count 12 that the violation of Civil Code section 1695.8 occurred on or about August 19, 2003. Mr. Herbert testified the relevant events occurred in August 2003.

---

[5] Penal Code section 803, subdivision (c) states in its entirety: "A limitation of time prescribed in this chapter does not commence to run until the discovery of an offense described in this subdivision. This subdivision applies to an offense punishable by imprisonment in the state prison, a material element of which is fraud or breach of a fiduciary obligation, the commission of the crimes of theft or embezzlement upon an elder or dependent adult, or the basis of which is misconduct in office by a public officer, employee, or appointee, including, but not limited to, the following offenses: [¶] (1) Grand theft of any type, forgery, falsification of public records, or acceptance of a bribe by a public official or a public employee. [¶] (2) A violation of Section 72, 118, 118a, 132, 134, or 186.10. [¶] (3) A violation of Section 25540, of any type, or Section 25541 of the Corporations Code. [¶] (4) A violation of Section 1090 or 27443 of the Government Code. [¶] (5) Felony welfare fraud or Medi-Cal fraud in violation of Section 11483 or 14107 of the Welfare and Institutions Code. [¶] (6) Felony insurance fraud in violation of Section 548 or 550 of this code or former Section 1871.1, or Section 1871.4, of the Insurance Code. [¶] (7) A violation of Section 580, 581, 582, 583, or 584 of the Business and Professions Code. [¶] (8) A violation of Section 22430 of the Business and Professions Code. [¶] (9) A violation of Section 10690 of the Health and Safety Code. [¶] (10) A violation of Section 529a. [¶] (11) A violation of subdivision (d) or (e) of Section 368."

The arrest warrant naming defendant was issued on May 21, 2007, less than four years after the specified violations of the Home Equity Sales Contract Act operated as a fraud upon Mr. Herbert.

The judgment is affirmed.

Armstrong, J., and Kriegler, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 30, 2009, S174852.