[No. B233589. Second Dist., Div. Seven. Dec. 12, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
LEONARD REUBIN MILSTEIN, Defendant and Appellant.

Counsel

Law Offices of Dennis A. Fischer, Dennis A. Fischer and John M. Bishop for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

ZELON, J.—Appellant Leonard Reubin Milstein appeals his conviction following a plea of no contest to one count of conspiracy to defraud by false pretenses or false promises in violation of Penal Code section 182, subdivision (a)(4).[1] The sole issue on appeal is whether a violation of section 182, subdivision (a)(4) is subject to the three-year statute of limitations in section 801 for criminal conspiracies in general or to the four-year statute of limitations in sections 801.5 and 803, subdivision (c) for felony offenses which have fraud as a material element of the crime. We conclude that the three-year statute of limitations applies to the charged offense of conspiracy to defraud by false pretenses or false promises. Because it is undisputed that the prosecution of the offense was not commenced within three years of the last overt act in furtherance of the conspiracy, it was time-barred. Milstein's conspiracy conviction must therefore be reversed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

I. *Factual Background*

This criminal action arose from an alleged fraudulent scheme in which a magazine called *American Justice* was distributed free to jails and prisons in Southern California. Brent Carruth, a disbarred attorney, was the publisher of the magazine. Milstein, then a member of the State Bar of California (State Bar), advertised a legal service entitled "early release" in the magazine. The scheme was allegedly fraudulent because, except for a few limited statutory means, inmates were not eligible for early release as advertised by Milstein. After inmates who hired Milstein served their full sentences without any work being performed on their cases, they complained to the State Bar. The

---

[1] Unless otherwise stated, all further statutory references are to the Penal Code.

State Bar investigated the inmates' claims, and in February 2002, referred the matter to the Los Angeles County District Attorney.

## II. *Procedural History*[2]

On July 6, 2006, the district attorney filed a two-count complaint against Milstein and Carruth[3] charging them with conspiracy to defraud by false pretenses or false promises in violation of section 182, subdivision (a)(4), and conspiracy to engage in unlawful capping in violation of section 182, subdivision (a)(1). In a series of subsequent amendments to the complaint, the district attorney omitted the count for conspiracy to engage in unlawful capping and added five counts for grand theft of personal property in violation of section 487, subdivision (a). The district attorney also added a tolling allegation stating that the violations described in all six counts were not discovered until January 27, 2004, because documents identifying the nature and amount of loss were in the sole possession of the State Bar prior to that date. Concurrent with a preliminary hearing, Milstein and Carruth brought a motion to dismiss each count in the complaint as time-barred under the statute of limitations. The motion was denied by the magistrate judge and both Milstein and Carruth were held to answer on all six counts.

An information charging Milstein and Carruth with the same six counts was filed on February 15, 2008, and subsequently amended. In the operative second amended information filed on December 8, 2008, the district attorney charged Milstein and Carruth with one count of conspiracy to defraud by false pretenses or false promises in violation of section 182, subdivision (a)(4) (count 1) and five counts of grand theft of personal property in violation of section 487, subdivision (a) (counts 3 through 7).[4] As to the conspiracy count, it was alleged that the conspiracy was committed over a period of time from August 3, 2000, to July 26, 2002, and that the last overt act in furtherance of the conspiracy occurred on July 26, 2002. As to the grand theft counts, it was alleged that the thefts were committed over a period of time with the following end dates for each count: April 30, 2002 (counts 3 and 6), November 30, 2001 (count 4), May 31, 2001 (count 5), and July 22, 2002 (count 7). As to all six counts, it was also alleged that the district attorney did not discover the violations until on or about January 27, 2004, because

---

[2] The record on appeal does not include any of the complaints filed in this action. However, in its January 3, 2011 written decision denying Milstein's motion to dismiss the conspiracy count, the trial court provided a detailed procedural history of those complaints. Because both Milstein and the Attorney General accept the trial court's chronology as accurately reflecting the filing date and content of each complaint, a portion of the procedural history set forth in this opinion is taken from the trial court's decision.

[3] Carruth is not a party to this appeal.

[4] The second amended information did not include a count 2.

documents identifying the victims and the nature and amount of their losses were in the sole possession of either the defendants or the State Bar prior to that date.

Milstein and Carruth thereafter brought a motion to dismiss each count in the second amended information as time-barred under the statute of limitations. The trial court denied the motion to dismiss as to the conspiracy count (count 1) and one of the grand theft counts (count 7), but granted the motion as to the remaining four grand theft counts (counts 3 through 6). In its written decision, the trial court concluded that all six counts were subject to the four-year statute of limitations in sections 801.5 and 803, subdivision (c). As to the grand theft counts, the court determined that, with the exception of count 7, each of the alleged thefts was completed by the defendants and discovered by the district attorney more than four years before the filing of the original complaint on July 6, 2006, and was therefore time-barred. As to the conspiracy count, the court noted that, although the statute of limitations for most conspiracies was three years, "[t]he Legislature . . . appears to have carved out an exception in section 801.5 for all crimes, including conspiracy, that involve fraud. . . ." The court thus reasoned that "any conspiracy that has as its object fraud, as here, is subject to a four year statute of limitations rather than the three year[] statute that would apply to all other conspiracies." Because the last overt act in furtherance of the conspiracy was alleged to have occurred on July 26, 2002, less than four years before the filing of the original complaint on July 6, 2006, the court concluded that the conspiracy count was timely charged.

On May 17, 2011, Milstein pleaded no contest to the conspiracy count and the trial court found him guilty of that charge. Imposition of the sentence on the conspiracy count was suspended and Milstein was placed on probation subject to specific terms and conditions. Counts 3 through 7 were dismissed by the trial court in its written order pursuant to section 1385. On June 2, 2011, the trial court granted Milstein's request for a certificate of probable cause and Milstein filed a timely notice of appeal.

## DISCUSSION

On appeal, Milstein argues that the judgment of conviction must be reversed because the count of conspiracy to defraud by false pretenses or false promises (§ 182, subd. (a)(4)) was barred by the statute of limitations. For purposes of this appeal, the parties agree that the last overt act in furtherance of the conspiracy was alleged to have occurred on July 26, 2002, and that the prosecution was commenced less than four years later on July 6,

2006.[5] Accordingly, the sole issue on appeal is whether the statute of limitations on the conspiracy to defraud count was three years under section 801, as Milstein contends, or four years under sections 801.5 and 803, subdivision (c), as the Attorney General contends. As set forth below, we conclude that the conspiracy to defraud count was governed by the three-year limitations period generally applicable to criminal conspiracies. The prosecution of the offense was thus time-barred.

## I. Standard of Review

█ The proper interpretation of a statute presents a question of law that is subject to de novo review. (*Coito v. Superior Court* (2012) 54 Cal.4th 480, 488 [142 Cal.Rptr.3d 607, 278 P.3d 860]; *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].) The principles of statutory construction are well settled. " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.' [Citation.] In approaching this task, we 'must first look at the plain and commonsense meaning of the statute because it is generally the most reliable indicator of legislative intent and purpose.' [Citation.] 'If there is no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said, and we need not resort to legislative history to determine the statute's true meaning.' [Citation.] '[W]e do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]' [Citation.]" (*People v. Skiles* (2011) 51 Cal.4th 1178, 1185 [126 Cal.Rptr.3d 456, 253 P.3d 546].) █ "[S]tatutes of limitation are to be strictly construed in favor of the accused." (*People v. Zamora* (1976) 18 Cal.3d 538, 574 [134 Cal.Rptr. 784, 557 P.2d 75] (*Zamora*); see *People v. Castillo, supra*, 168 Cal.App.4th at p. 369; *People v. Price* (2007) 155 Cal.App.4th 987, 992 [66 Cal.Rptr.3d 595].)

## II. A Three-year Statute of Limitations Applies to Conspiracy to Defraud by False Pretenses or False Promises

█ Under section 182, the statute governing criminal conspiracies, it is a crime for "two or more persons [to] conspire . . . [¶] . . . [¶] . . . [t]o cheat

---

[5] Under section 804, the filing of a felony complaint does not, by itself, commence a prosecution of an offense. (§ 804; *People v. Castillo* (2008) 168 Cal.App.4th 364, 374 [85 Cal.Rptr.3d 448]; *People v. Terry* (2005) 127 Cal.App.4th 750, 764 [26 Cal.Rptr.3d 71].) However, due to the unavailability of various records from the trial court proceedings, including any records reflecting when Milstein was arraigned or whether a warrant for his arrest was issued, both parties treat the filing of the original felony complaint on July 6, 2006, as the commencement of the prosecution for statute of limitations purposes. For purposes of this appeal, we also adopt the date of July 6, 2006, as the earliest date on which the prosecution would have been commenced.

and defraud any person of any property, by any means which are in themselves criminal, or to obtain money or property by false pretenses or by false promises with fraudulent intent not to perform those promises." (§ 182, subd. (a)(4).) A violation of section 182, subdivision (a)(4) is "punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170, or by a fine not exceeding ten thousand dollars ($10,000), or by both that imprisonment and fine." (§ 182, subd. (a).)[6] Section 801 provides that, subject to certain exceptions not applicable in this case, "prosecution for an offense punishable by imprisonment in the state prison or pursuant to subdivision (h) of Section 1170 shall be commenced within three years after commission of the offense."

■ As Milstein correctly asserts, the three-year statute of limitations has long been applied to the offense of criminal conspiracy and commences to run with the last overt act committed in furtherance of the conspiracy. (*Zamora, supra,* 18 Cal.3d at pp. 548–549, 560; *People v. Crosby* (1962) 58 Cal.2d 713, 727–729 [25 Cal.Rptr. 847, 375 P.2d 839] (*Crosby*); *People v. Prevost* (1998) 60 Cal.App.4th 1382, 1401–1402 [71 Cal.Rptr.2d 487] (*Prevost*); *Davis v. Superior Court* (1959) 175 Cal.App.2d 8, 20–21 [345 P.2d 513] (*Davis*).)

Section 801.5, on the other hand, states that "[n]otwithstanding Section 801 or any other provision of law, prosecution for any offense described in subdivision (c) of Section 803 shall be commenced within four years after discovery of the commission of the offense, or within four years after the completion of the offense, whichever is later." Section 803, subdivision (c) in turn provides that "[t]his subdivision applies to an offense punishable by imprisonment in the state prison or imprisonment pursuant to subdivision (h) of Section 1170, a material element of which is fraud or breach of a fiduciary obligation . . . including, but not limited to" 11 enumerated offenses.[7] Conspiracy is not among the specific offenses enumerated in section 803, subdivision (c).

---

[6] Because a violation of section 182, subdivision (a)(4) is punishable as an alternate felony/misdemeanor, it is governed by the statute of limitations applicable to the felony offense. (§ 805, subd. (a) [for statute of limitations purposes, "[a]n offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed"].)

[7] The full text of section 803, subdivision (c) states as follows: "A limitation of time prescribed in this chapter does not commence to run until the discovery of an offense described in this subdivision. This subdivision applies to an offense punishable by imprisonment in the state prison or imprisonment pursuant to subdivision (h) of Section 1170, a material element of which is fraud or breach of a fiduciary obligation, the commission of the crimes of theft or embezzlement upon an elder or dependent adult, or the basis of which is misconduct in office by a public officer, employee, or appointee, including, but not limited to, the following offenses: [¶] (1) Grand theft of any type, forgery, falsification of public records, or acceptance of a bribe by a public official or a public employee. [¶] (2) A violation of Section 72, 118, 118a, 132, 134, or 186.10. [¶] (3) A violation of Section 25540, of any type, or Section 25541 of the Corporations Code. [¶] (4) A violation of Section 1090 or 27443 of the Government

██ Milstein contends that, because conspiracy to defraud is a type of criminal conspiracy, it is subject to the three-year limitations period in section 801 irrespective of the limitations period that applies to the offense that is the object of the conspiracy. The Attorney General counters that, because conspiracy to defraud rests solely on fraud as the purpose of the conspiracy, it is subject to the four-year limitations period in sections 801.5 and 803, subdivision (c). While no published California case has addressed this precise issue, we conclude that, based on the distinct nature of the crime of conspiracy and the legislative history of the relevant statutory provisions, the three-year statute of limitations applies to the offense of conspiracy to defraud by false pretenses or false promises.

██ "A conviction of conspiracy requires proof that the defendant and another person had the specific intent to agree or conspire to commit an offense . . . with proof of the commission of an overt act 'by one or more of the parties to such agreement' in furtherance of the conspiracy. [Citations.]" (*People v. Morante* (1999) 20 Cal.4th 403, 416 [84 Cal.Rptr.2d 665, 975 P.2d 1071].) "Conspiracy is an inchoate crime. [Citation.] It does not require the commission of the substantive offense that is the object of the conspiracy. [Citation.]" (*People v. Swain* (1996) 12 Cal.4th 593, 599 [49 Cal.Rptr.2d 390, 909 P.2d 994].) Indeed, a defendant may be guilty of a conspiracy even though he or she has committed no other criminal act, since "[t]he overt act, although necessary to establish a punishable conspiracy, need not itself be criminal." (*People v. Russo* (2001) 25 Cal.4th 1124, 1135 [108 Cal.Rptr.2d 436, 25 P.3d 641].) Accordingly, "[c]riminal conspiracy is an offense distinct from the actual commission of a criminal offense that is the object of the conspiracy. [Citations.]" (*People v. Morante, supra*, at p. 416.)[8]

██ Because conspiracy has long been recognized as a separate and distinct offense from the crime that is the object of the conspiracy, the statute of limitations for conspiracy likewise has been regarded as separate and distinct from the statute of limitations for the underlying offense. In *Prevost*, for instance, this court held that a charge of conspiracy to commit a misdemeanor offense was governed by the three-year statute of limitations for criminal conspiracies, and not the one-year statute of limitations for the

Code. [¶] (5) Felony welfare fraud or Medi-Cal fraud in violation of Section 11483 or 14107 of the Welfare and Institutions Code. [¶] (6) Felony insurance fraud in violation of Section 548 or 550 of this code or former Section 1871.1, or Section 1871.4, of the Insurance Code. [¶] (7) A violation of Section 580, 581, 582, 583, or 584 of the Business and Professions Code. [¶] (8) A violation of Section 22430 of the Business and Professions Code. [¶] (9) A violation of Section 10690 of the Health and Safety Code. [¶] (10) A violation of Section 529a. [¶] (11) A violation of subdivision (d) or (e) of Section 368."

[8] See *People v. Vargas* (2001) 91 Cal.App.4th 506, 558–560 [110 Cal.Rptr.2d 210] (the agreement is the conspiracy; "the specific crimes that constitute the object of the conspiracy are not elements of the conspiracy").

underlying misdemeanor. (*Prevost, supra,* 60 Cal.App.4th at pp. 1401–1402.) In so holding, we rejected the defendant's argument that the court had to look to the statute of limitations that applied to the underlying offense to determine the statute of limitations for the charge of conspiracy. (*Id.* at p. 1401.) Rather, we reasoned that "[t]he statute of limitations for conspiracy is distinct and separate from the limitations period for the underlying offense. [Citation.] Such is the case even where the statute of limitations for the underlying offense is shorter than the limitations period for the conspiracy charge, and where, for example, if the defendant had been charged only with the underlying offense, the prosecution would be time barred. [Citation.]" (*Ibid.*) We also noted that "these statutes of limitations are separate even where this distinction works to the defendant's benefit. For example, if charged with conspiracy to commit certain offenses like murder, where the underlying offense is not governed by a statute of limitations, the three-year statute of limitations for conspiracy would govern." (*Ibid.*; see *People v. Diedrich* (1982) 31 Cal.3d 263, 284 [182 Cal.Rptr. 354, 643 P.2d 971] [applying three-year statute of limitations to count of conspiracy to commit bribery even though limitations period then in effect for substantive counts of bribery was six years]; *Davis, supra,* 175 Cal.App.2d at pp. 20–21 [applying three-year statute of limitations to count of conspiracy to commit misdemeanor offense even though limitations period for misdemeanor was one year].)

In support of the argument that a four-year statute of limitations applies to conspiracies involving fraud, the Attorney General notes that section 803, subdivision (c), by its express terms, is not limited to the 11 offenses enumerated in the statute, but rather encompasses any felony offense which has fraud as a material element of the crime. It is true that the enumerated offenses in section 803, subdivision (c) are neither exclusive nor exhaustive. (*People v. Shetty* (2009) 174 Cal.App.4th 1488, 1493 [95 Cal.Rptr.3d 355]; *People v. Soni* (2005) 134 Cal.App.4th 1510, 1519 [36 Cal.Rptr.3d 864]; *People v. Guevara* (2004) 121 Cal.App.4th 17, 25 [16 Cal.Rptr.3d 738].) It is also true that California courts have broadly interpreted the statute as applying to offenses that do not require a specific intent to defraud, but "have as their core . . . fraud or breach of a fiduciary obligation." (*People v. Guevara, supra,* at p. 26 [§ 803, subd. (c) encompassed nonenumerated offense of filing false nomination paper (Elec. Code, § 18203) because statute prohibiting offense "has at its core protections against fraud"]; see *People v. Fine* (1997) 52 Cal.App.4th 1258, 1265 [61 Cal.Rptr.2d 254] [§ 803, subd. (c) encompassed nonenumerated offense of offering to sell and issue unqualified securities (Corp. Code, § 25110) because offense "involves a deception upon the buyer by the unqualified securities seller"].) However, none of the California cases that have applied section 803, subdivision (c) to nonenumerated offenses involving fraudulent or deceptive conduct have considered

whether the statute also encompasses conspiracies to commit those underlying offenses. Irrespective of whether intent to defraud is a material element of, or the core purpose behind, a criminal conspiracy, California courts consistently have recognized that conspiracy is a separate and distinct crime from the offense that is the object of the conspiracy and is governed by a separate and distinct statute of limitations.

■ Furthermore, it is a well-established principle of statutory construction that the "Legislature . . . is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof." (*People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078].) At the time section 801.5 was amended by the Legislature in 1995 to apply a four-year-after-discovery statute of limitations to any offense described in section 803, subdivision (c) (Stats. 1995, ch. 704, § 1, p. 5313), it had long been decided by the California Supreme Court that a three-year statute of limitations applies to criminal conspiracies commencing with the last overt act in furtherance of the conspiracy (*Zamora, supra,* 18 Cal.3d at pp. 548–549, 560; *Crosby, supra,* 58 Cal.2d at pp. 727–729).[9] However, the Legislature made no attempt to include conspiracy to commit any crime among the offenses subject to a four-year limitations period, either in 1995 when it expanded section 801.5's application to any offense described in section 803, subdivision (c) (Stats. 1995, ch. 704, § 1, p. 5313), or in 1998 when it expanded section 803, subdivision (c)'s list of enumerated offenses (Stats. 1998, ch. 944, § 2, p. 6941). ■ As this court observed in *Prevost,* "[l]egislative silence in view of the case law such as *Davis, Crosby* and *Zamora,* is instructive. It informs us that there is no reason to depart from the legal precedent which provides that criminal conspiracy has a three-year statute of limitations, irrespective of the underlying offense." (*Prevost, supra,* 60 Cal.App.4th at p. 1402.)

■ In sum, because conspiracy and the crime that is its object have long been treated as separate and distinct offenses subject to different statutes of limitations, we conclude that the three-year limitations period governing conspiracies in general applied to the charged offense of conspiracy to defraud by false pretenses or false promises. As it is undisputed that the prosecution of the conspiracy count was commenced more than three years

---

[9] Section 801.5 was enacted in 1986 and amended to its present form in 1995. (Stats. 1986, ch. 1324, § 2, p. 4675; Stats. 1995, ch. 704, § 1, p. 5313.) Prior to the 1995 amendments, it contained a three-year-after-discovery statute of limitations and applied to a narrow category of insurance-related fraud crimes. The 1995 amendments increased the statute of limitations to four years after discovery of the offense and broadened its coverage to any offense described in section 803, subdivision (c). (Stats. 1995, ch. 704, § 1, p. 5313.)

after the last overt act in furtherance of the conspiracy, it was barred by the statute of limitations. The judgment of conviction accordingly must be reversed.[10]

## DISPOSITION

The judgment is reversed.

Perluss, P. J., and Segal, J.,* concurred.

A petition for a rehearing was denied January 9, 2013, and respondents' petition for review by the Supreme Court was denied March 27, 2013, S208179.

---

[10] In ruling on Milstein's motion to dismiss the second amended information for violation of the statute of limitations, the trial court concluded that both the conspiracy count (count 1) and one of the five grand theft counts (count 7) were timely charged. Because the trial court chose to dismiss the remaining grand theft count pursuant to section 1385 in accepting Milstein's no contest plea to the conspiracy count, reversal of the conspiracy conviction does not affect such dismissal. The dismissal of count 7 thus stands.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.