Filed 3/30/15  P. v. Cruz CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>KIRSIO CRUZ,<br><br>     Defendant and Appellant. | B255359<br><br>(Los Angeles County<br>Super. Ct. No. BA361253) |

---

APPEAL from a judgment of the Superior Court of Los Angeles County.  Bob S. Bowers, Jr., Judge.  Affirmed

Wallin & Klarich and Stephen D. Klarich for Defendant and Appellant

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Paul M. Roadarmel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Kirsio Cruz of conspiracy, grand theft (auto) and thirteen other offenses related to the theft of automobiles. Cruz contends that the trial court erred in failing to instruct the jury that it had to determine whether there was one or multiple conspiracies and whether the statute of limitations had run on the conspiracies. He further contends the statute of limitations had run on the charge of grand theft. We reject these contentions and affirm the judgment.

### FACTS AND PROCEEDINGS BELOW

Because this is an unreported opinion and the parties are familiar with the facts we will dispense with their recitation here. To the extent they are relevant the facts are set out in our discussion of the issues below.

Officers of the California Highway Patrol executed search warrants at Cruz's home, businesses and other property and seized numerous documents connecting him to the "lien-washing" of at least seven vehicles.[1] Witnesses' testimony also directly linked Cruz to several of the stolen vehicles. A jury convicted Cruz of numerous offenses including conspiracy to commit multiple crimes related to auto theft including grand theft, forgery, identity theft and filing of forged instruments. The court sentenced Cruz to an unstayed prison term of eight years, eight months.

On appeal Cruz maintains that the court committed prejudicial error by not properly instructing the jury on the conspiracy count and that the statute of limitations on the grand theft charge had expired.

---

[1] Lien-washing involves filing false documents with the Department of Motor Vehicles removing the lien holder's name from the title to a stolen vehicle and substituting another individual's name as the legal owner. The vehicle is then sold to a third party or to an auto dismantler or shipped out of state or to another country.

**DISCUSSION**

## I. WHEN THE DEFENDANT HAS BEEN CHARGED WITH ONLY ONE COUNT OF CONSPIRACY THERE IS NO PREJUDICE IN THE COURT'S FAILURE TO INSTRUCT THE JURY TO DETERMINE IF THERE WAS MORE THAN ONE CONSPIRACY.

Cruz argues that the trial court erred in not instructing the jury sua sponte to determine whether the evidence showed the existence of one or multiple conspiracies. It appears that he makes this argument in the mistaken belief that the court sentenced him on multiple counts of conspiracy when in fact it sentenced him on only one.

Where the information and the special verdict form refer to only one count of conspiracy, we see no reason why the court should instruct the jury to determine whether there was more than one conspiracy. Indeed, such an instruction would be prejudicial error. Furthermore, the abstract of judgment in this case shows that the court sentenced Cruz on only one count of conspiracy. Given this record, we fail to see how Cruz could have been prejudiced by the court instructing the jury on one count of conspiracy instead of multiple counts. (*People v. Vargas* (2001) 91 Cal.App.4th 506, 553.)

## II. WHEN THE CHARGING DOCUMENT DOES NOT SHOW ON ITS FACE THAT THE PROSECUTION IS TIME-BARRED THE COURT HAS NO SUA SPONTE DUTY TO INSTRUCT ON THE STATUTE OF LIMITATIONS.

Cruz argues that the trial court had a sua sponte duty to instruct the jury that it had to determine whether the conspiracy charge was timely filed. Not in this case.

The information charged Cruz with one conspiracy to commit seven related crimes involving car theft: (1) the unlawful taking of a vehicle, (2) the grand theft of an automobile, (3) the filing of a forged instrument, (4) identity theft, (5) possession of forged documents, (6) forgery of public seals, and (7) possession of a forged driver's license.

The parties disagree over whether the statute of limitations for conspiracy to commit theft and fraud is three or four years. (See discussion Part III, *post*.) They agree, however, that the limitations period generally begins to run when the last overt act is

3

committed in furtherance of the conspiracy.[2]  (*People v. Milstein* (2012) 211 Cal.App.4th 1158, 1165.)  They also agree that this action commenced on February 2, 2011, the day of Cruz's arrest.  Assuming for the sake of argument that the statute of limitations is three years, the last overt act of the conspiracy had to have occurred after February 2, 2008.

Unless the charging document (in this case, the information) shows on its face that the statute of limitations has run on the charged crime (in this case that all the overt acts in the conspiracy occurred *prior* to February 2, 2008) the trial court has no duty to instruct the jury sua sponte to determine whether the statute has run.  (*People v. Smith* (2002) 98 Cal.App.4th 1182, 1192-1193; cf. *People v. Williams* (1999) 21 Cal.4th 335, 338, 344.)

In the case before us the information does not show that the three-year limitations period had run on the conspiracy count prior to Cruz's arrest in February 2011.  On the contrary the information alleges that Cruz committed three overt acts in furtherance of the conspiracy between May and September 2008.  Between May and September 2008, Cruz accessed DMV records for a stolen BMW.  In June 2008, Cruz received a facsimile containing information on a stolen Ford Mustang.  In September 2008, Cruz drove a stolen BMW.  Accordingly, the trial court had no sua sponte duty to instruct the jury to determine whether the statute had run.

---

[2]      We acknowledge there are exceptions to this rule and exceptions to the exceptions but they are not pertinent to our discussion.  (See *People v. Zamora* (1976) 18 Cal.3d 538, 560 & fn. 21.)

4

### III. CRUZ'S GRAND THEFT OF THE NISSAN 350Z INVOLVED FRAUD AND THEREFORE IT WAS SUBJECT TO THE FOUR YEAR STATUTE OF LIMITATIONS.

The jury convicted Cruz of the grand theft of a Nissan 350Z.

Cruz contends that the statute of limitations for grand theft not involving fraud is three years under Penal Code section 801.[3] Therefore, he maintains, the prosecution which commenced on February 2, 2011 was untimely and his conviction must be reversed.

Respondent, relying on *People v. Price* (2007) 155 Cal.App.4th 987, argues that the limitations period for all grand theft offenses, whether or not they involve fraud, is four years under sections 801.5 and 803, subdivision (c)(1).[4]

We need not resolve this dispute because the evidence in this case showed that Cruz's conviction for grand theft arose from his fraudulent activity in aiding and abetting grand theft through the lien-washing of the Nissan in August 2007 within the four-year statute of limitations for fraud.  (Pen. Code, §§ 801 & 801.5.)

---

[3]     All statutory references are to the Penal Code.  Section 801 states in relevant part: "[P]rosecution for an offense punishable by imprisonment in the state prison or pursuant to subdivision (h) of Section 1170 shall be commenced within three years after commission of the offense."  It is undisputed that grand theft is an offense "punishable by imprisonment in the state prison or pursuant to subdivision (h)."

[4]     Section 801.5 states:  "Notwithstanding Section 801 or any other provision of law, prosecution for any offense described in subdivision (c) of Section 803 shall be commenced within four years after discovery of the commission of the offense, or within four years after the completion of the offense, whichever is later."  Section 803, subdivision (c) states in relevant part:  " This subdivision applies to an offense punishable by imprisonment in the state prison or imprisonment pursuant to subdivision (h) of Section 1170, a material element of which is fraud or breach of a fiduciary obligation, the commission of the crimes of theft or embezzlement upon an elder or dependent adult, or the basis of which is misconduct in office by a public officer, employee, or appointee, including, but not limited to, the following offenses:  ¶ (1) Grand theft of any type . . . ."

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.

BENDIX, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6